UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: ) | |
|    NYLAH A. GRIFFITH-BOLDEN, ) | CHAPTER 13 |
|    Debtor ) | DOCKET NUMBER: 23-11076 CJP |
| ) | |

**<u>ORDER APPROVING AMENDED MOTION FOR AN ORDER AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF ALL MORTGAGES, LIENS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §363(f) REGARDING 166 ARLINGTON STREET, MEDFORD, MASSACHUSETTS 02155 A SINGLE-FAMILY RESIDENCE</u>**

UPON CONSIDERATION of the Debtor's Amended Motion for An Order Authorizing the Sale of Assets Free and Clear of all Mortgages, Liens, and Encumbrances Pursuant to 11 U.S.C. §363(f) Regarding 166 Arlington Street, Medford, Massachusetts, A Single-Family Residence (the "Sale Motion") dated November 26, 2025, seeking among other things, entry of an order: (a) approving the sale of the real property located at 166 Arlington Street, Medford, Massachusetts pursuant to that certain Purchase and Sale Agreement, dated as of October 31, 2025, (the "Purchase Agreement")[1], by and between the Debtor, ("Sellers"), and Treetop Group, LLC, as assigned to 166 Arlington Street, LLC, the Buyer's related party nominee pursuant to the Agreement, (the "Purchaser"); (b) providing for the sale by the Debtor to the Purchaser of the Property[2]; and (c) authorizing the consummation of the transactions contemplated therein (the "Transaction")[3]; and

---

[1] A true and accurate copy of the Purchase and Sale Agreement was attached to the Sale Motion.

[2] All capitalized terms and otherwise defined herein have the meanings ascribed to them in the Sale Motion or, if not defined in the Motion, in the Purchase Agreement.

[3] The bidding procedures are more accurately described in the Amended Notice of

1

the Debtor having filed a Notice of Intended Private Sale of Real Estate, Deadline for Submitting Objections and Higher Offers and Hearing Date (the "Notice") and having provided adequate and sufficient notice of the Sale Motion and Notice having been given to all parties in interest in this case as reflected in the certificate of service filed with the Court and all such parties having been afforded due process and an opportunity to be heard with respect to the Sale Motion and all relief requested therein and as provided in this Order; and all objections or responses having been filed and resolved, and no higher offers having been submitted; and after due deliberation and sufficient cause appearing:

IT HEREBY IS FOUND AND DETERMINED THAT:

A. This Court has jurisdiction over the Sale Motion under 28 U.S.C. "157 and 1334, and this matter is a core proceeding under 28 U.S.C. '157(b)(2)(A) and (N). Venue of this case and the Sale Motion in this district is property under 28 U.S.C. "1408 and 1409.

B. The statutory basis for the relief sought in the Sale Motion are Sections 105(a) and 363 of the Bankruptcy Code, and Rule 6004 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules").

C. As evidenced by the certificates of service on file with this Court, (i) due, proper, timely, adequate, and sufficient notice and a reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein has been provided in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the applicable bidding procedures and the Purchase Agreement, (ii) such notice was good, sufficient, and appropriate under the

---

Intended Private Sale of Real Estate, Deadline for Submitting Objections and Higher Offers, and Hearing Date dated November 26, 2025 (D.E. #203) and served upon all interested parties.

circumstances, and (iii) no other or further notice of the Sale Motion is or shall be required.

  D. The Court having determined that the Purchase Agreement represents the best bid for the Property after months of marketing.

  E. Upon entry of this Order, the Debtor shall have full authority to consummate the Transactions contemplated by the Purchase Agreement; including, but not limited to, making the following distributions at closing:

1. U.S. Bank Trust
National Association
1st mortgage  $400.000.00– approximate as per the Proof of Claim this creditor shall be paid in full, including arrears pre-petition and post petition.

2. Real estate broker's fee:  $22,500.00 (three (3%) percent of the purchase price)

3. Legal fees and costs:  $4,500.00 – real estate only
Closing Costs
and Deed Stamps:  $7,500.00

4. Cleanout fees
incurred:  $4,500.00

5. Real Estate Taxes: current taxes – $2,000.00

6. To the Debtor: $25,000.00 for moving expenses plus first and last months' rent.

7. The remaining sums to be escrowed pending estimated tax payments to be made from the sale and further administrative expenses.

  F. Approval of the Purchase Agreement and consummation of the Transaction is in the best interests of the Debtor, the Debtor's estate, creditors, and other parties in interest. The Debtor has demonstrated good, sufficient, and sound business purposes and justifications for the sale to the Purchase Agreement to Section 363(b) of the Bankruptcy Code.

  G. The Purchase Agreement was negotiated, proposed, and entered into by the Debtor

3

and the Purchaser without collusion, in good faith, and from arm=s length bargaining positions. The Purchaser is not an "insider" of the Debtor, as that term is defined in Section 101 of the Bankruptcy Code. The Purchaser has not engaged in any conduct that would cause or permit the Purchase Agreement to be avoided under Section 363(n) of the Bankruptcy Code.

H. The Purchaser is a good faith purchaser under Section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby. The Purchaser is acting in good faith within the meaning of Section 363(m) in consummating the Transaction.

I. The Purchaser is not to be treated as successor to the Debtor but a purchaser of assets such that successor liability shall not attach to the assets or the Purchaser.

J. The consideration to be provided by the Purchaser pursuant to the Purchase Agreement; (i) is fair and reasonable; (ii) is the only and best offer for the property; (iii) will provide a greater recovery for the creditors of this estate than would be provided by any other practically available alternative; and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, or possession.

K. The transfer of the Property to the Purchaser will be legal, valid, and effective transfer of the property and except as provided in the Purchase Agreement, will vest the Purchaser with all right, title and interest of the Debtor and her estate to the Property free and clear of all liens, claims, encumbrances and interests of any kind and every kind whatsoever (including liens, claims, encumbrances, interests of any governmental body) as well as claims made under a theory of successor liability unless specifically provided herein, provided, however, that all such liens, claims, encumbrance, interests shall attach to the proceeds of the sale, in order of priority.

L. Subject to the provisions of this Order and except as may be provided in the Purchase Agreement, the Debtor may sell the Property free and clear of all mortgages, liens, tax liens by the Internal Revenue Service and the Massachusetts Department of Revenue[4], claims, encumbrances, rights of first refusal, and interests of any kind or nature whatsoever because, in each case, one or more of the standards set forth in Section 363(f)(1) through (5) of the Bankruptcy Code have been satisfied.

M. The transfer of the Property to the Purchaser will not subject the Purchaser to any liability whatsoever (including any successor liability) with respect to the operation of the Debtor's business prior to the closing of the Transaction (the "Closing") or by reason of such transfer, except that the Purchaser shall remain liable for any liabilities that the Purchaser has specifically agreed to assume pursuant to the Purchase Agreement.

N. The Purchase Agreement is a valid and binding contract between the Debtor and the Purchaser, which is and shall be enforceable according to its terms.

O. There is other good and sufficient cause to grant the relief requested in the Sale Motion and approve the Purchase Agreement and the Transaction.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Sale Motion was GRANTED and approved in all respects on December ____, 2025.

2. Any objections to the entry of this Order or the relief granted herein and requested in the Sale Motion that have not been withdrawn, waived, or settled, and all reservations of rights included therein, hereby are DENIED and OVERRULED.

3. The Purchase and Sale Agreement, including all of its terms and conditions and the

---

[4] All tax claims associated with the sale shall attach to the proceeds to be held in escrow.

Transaction are hereby approved as well as any riders or addendum to the Agreement.

4. Pursuant to Section 363 of the Bankruptcy Code, the Debtor is authorized to execute, deliver, and perform under, consummate, and implement the Purchase and Sale Agreement together with all additional instruments and documents that are requested by the Purchaser and may be reasonably necessary or desirable to implement the Purchase Agreement, and to take any and all actions as it deems necessary, appropriate, or advisable for the purpose of assigning, transferring, granting, conveying, and conferring to the Purchaser or reducing to possession, the Property, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Purchase Agreement, including, without limitation, any and all actions reasonably requested by the Purchaser which are consistent with the Purchase Agreement.

5. Pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code, upon the Closing, (i) the transfer of the Property to the Purchaser pursuant to the Purchase Agreement shall constitute a legal, valid and effective transfer of the Property and shall vest the Purchaser with all right, title, and interest in and to the Property; and (ii) the Property shall be transferred to the Purchaser, free of all liens, claims, encumbrances and interests of any governmental body against the Property, in accordance with Section 363(f) of the Bankruptcy Code, with any such liens, claims, encumbrances and interests to attach to the proceeds of the Transaction, in the order of their priority, with the same validity, force, and effect which they had against the Property prior to the entry of this Order, subject to any rights, claims, and defenses the Debtor and all interested parties may possess with respect thereto.

6. This Order is and shall be effective as a determination that all mortgages, assessments, betterments, income tax liens, real estate taxes, liens, claims, encumbrances and

interests, including any right of first refusal, shall be and are, without further action by any person or entity, released with respect to the Property as of the Closing, including, but not limited to, U.S. Bank Trust National Association and the City of Medford and that to the extent that the liens continue to exist, they shall be against the process of the sale only in priority with the same validity, force, and effect which it had against the Property prior to the entry of this Order.

7. The Purchaser shall not be deemed or considered a successor to the Debtor or the Debtor's estate by reason of any theory of law or equity and the Purchaser has not assumed nor is it in any way responsible for any liability or obligation of the Debtor or the Debtor's estate except as otherwise expressly provided in the Purchase and Sale Agreement or this Order.

8. The Debtor's bankruptcy estate shall retain all causes of action arising pursuant to the Bankruptcy Code against any person or entity other than the Purchaser.

9. The consideration provided by the Purchaser for the Property under the Purchase and Sale Agreement is fair and reasonable and may not be avoided under Section 363(a) of the Bankruptcy Code or otherwise.

10. The Transaction is undertaken by the Purchaser in good faith, as that term is used in Section 363(m) of the Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Transaction shall not affect the validity of the sale of the Property to the Purchaser, unless such authorization is duly and timely stayed pending such appeal. The Purchaser is a good faith purchaser of the Property and entitled to all of the benefits and protection afforded in Section 363(m) of the Bankruptcy Code.

11. This Court shall retain exclusive jurisdiction to resolve any controversy or claim arising out of or related to this Order, the Purchase Agreement or any related agreements, including

without limitation: (a) any actual or alleged breach or violation of this Order, the Purchase and Sale Agreement, or any related agreements, and (b) the enforcement of any injunctive provision or relief granted in this Order or otherwise, as set forth in the Purchase and Sale Agreement.

12. All persons and entities that are presently, or as of the Closing may be, in possession of some or all of the Property are hereby directed to surrender possession of the Property to the Purchaser as of the Closing.

13. This Order is and shall be binding upon and shall govern acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of fees, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities, who may be required by operation of law, the duties of their office, or reflect that the Purchaser is the assignee of the Property free and clear of all liens, claims, encumbrances and interests ( all such entities being referred to as "Recording Officers"). All Recording Officers are authorized and specifically directed to strike recorded claims, liens, encumbrances and interests against the Property recorded prior to the date of this Order.

14. This Order may be recorded by an appropriate registry of deeds or land registry to reflect that the Purchaser is the assignee of the Property free and clear of all liens, claims, encumbrances and interests, which shall include, but not be limited to U.S. Bank Trust National Association and the City of Medford.

15. The terms and provisions of the Purchase and Sale Agreement, the ancillary agreements, and this Order shall be binding in all respects upon, and shall inure to the benefit of the Debtor, the Debtor's estate, the Purchaser, and their respective affiliates, successors and

assigns, and any affected third parties.

16. The Purchase and Sale Agreement and any related agreements, documents, or other instruments may be amended by the parties in a writing signed by such parties without further order of this Court, provided that any such amendment does not have a material adverse effect on the Debtor's estate.

17. The failure to include specifically any particular provision of the Purchase and Sale Agreement in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Purchase and Sale Agreement be authorized and approved in its entirety.

18. To the extent of any inconsistency between the provisions of this Order, the Purchase and Sale Agreement, and any documents executed in connection therewith, the provisions contained in this Order, the Purchase and Sale Agreement and any documents executed in connection therewith shall govern, in that order.

19. The provisions of this Order authorizing the sale and assignment of the Property free and clear shall be self-executing, and notwithstanding the failure of the Debtor, the Purchaser, or any other party to execute, file or obtain 6D certificates, mortgage discharges, releases, tax lien certificates, termination statements, assignments, consents or other instruments to effectuate, consummate and/or implement the provisions hereof, all liens, claims, encumbrances, and other interests on or against the Property, if any, shall be deemed released, discharged, and terminated.

20. Within forty-five (45) days of the date of this Order, the Debtor shall file a "Status Report Regarding Sale of Estate Property" in accordance with Rule 13-14 ( c) of Appendix 1 of the MLBR.

21. Notwithstanding the provisions of Bankruptcy Rule 6004(g) and 6006(d), and there being good cause, this Order shall be effective and enforceable immediately and shall not be stayed.

Dated: _____

Christopher J. Panos
United States Bankruptcy Judge

S:\S\G\GRIFFITH-BOLDEN, NYLAH\CHAPTER 13\SALE OF 166 ARLINGTON STREET\SALE MOTION\PROPOSED ORDER RE MOTION TO SELL 12-04-25.DOCX